

**FILED & ENTERED**

FEB 15 2018

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez  DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Aida Fuentes,<br>              Debtor. | Case No.:   2:13-bk-11518-ER<br>Chapter:     7<br><br>**MEMORANDUM OF DECISION DENYING "EMERGENCY MOTION FOR STAY PENDING APPEAL OF ORDER GRANTING MOTION AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ENCUMBRANCES"**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

## I. Introduction

On February 2, 2018, the Court issued a "Memorandum of Decision (1) Granting Trustee's Sale Motion and (2) Dismissing Adversary Proceeding" (the "Sale Memorandum") [Doc. No. 107]. The Sale Memorandum explained why the Court would enter an order granting the Second Sale Motion[1] filed by the Chapter 7 Trustee (the "Trustee"). The Sale Memorandum directed the Trustee to lodge a proposed order granting the Second Sale Motion (the "Sale Order"). The Court has not yet entered the Sale Order.

Rudy Fuentes moves for a stay pending appeal of the Sale Order. *See* Emergency Motion for Stay Pending Appeal of Order Granting Motion Authorizing Sale of Real Property Free and Clear of Encumbrances (the "Motion") [Doc. No. 115]. For the reasons set forth below, the Court will deny the Motion and will enter the Sale Order.[2] The underlying facts are set forth at

---

[1] Terms not defined herein have the meaning set forth in the Sale Memorandum.
[2] Pursuant to Civil Rule 78(b) and Local Bankruptcy Rule 9013-1(j)(3), the Court finds this matter suitable for disposition without oral argument.

length in the Sale Memorandum and are repeated herein only to the extent necessary to address the arguments presented in the Motion.

## II. Findings and Conclusions

Pursuant to Bankruptcy Rule 8007(a)(1),[3] the Court may issue a stay of a judgment, order, or decree pending appeal. In determining whether to grant a stay pending appeal, the Court considers the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009).

As the Supreme Court has explained, a stay pending appeal

> "is not a matter of right, even if irreparable injury might otherwise result." *Virginian R. Co.,* 272 U.S., at 672, 47 S.Ct. 222. It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.,* at 672–673, 47 S.Ct. 222; see *Hilton, supra,* at 777, 107 S.Ct. 2113 ("[T]he traditional stay factors contemplate individualized judgments in each case"). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion….
>
> The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." … By the same token, simply showing some "possibility of irreparable injury," *Abbassi v. INS,* 143 F.3d 513, 514 (C.A.9 1998), fails to satisfy the second factor.

*Id.* at 434–35.

To be entitled to a stay pending appeal, the moving party must make a "minimum permissible showing" with respect to each of the four factors. *Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011). Provided the moving party meets a minimum threshold as to each factor, the Court may "balance the various stay factors once they are established." *Id.* at 965. Under this balancing approach, a stronger showing of irreparable harm can offset a weaker showing of likelihood of success on the merits, and vice versa—provided that the minimum threshold with respect to each factor has been established. *Id.* at 965–66; *see also id.* at 964 ("Petitioner must show either a probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in petitioner's favor. These standards represent the outer extremes of a continuum, with the relative hardships to the parties providing the critical element in determining at what point on the continuum a stay pending review is justified.").

Having considered the *Nken* factors, the Court finds that Rudy[4] is not entitled to a stay pending appeal of the Sale Order.

---

[3] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

[4] A given name is used to distinguish Rudy Fuentes from Aida Fuentes. No disrespect is intended.

A. Likelihood of Success on the Merits

As the Ninth Circuit has explained:

> The first showing a stay petitioner must make is "a strong showing that he is likely to succeed on the merits." *Id.* at 1761 (quoting *Hilton,* 481 U.S. at 776, 107 S.Ct. 2113) (quotation marks omitted). There is some uncertainty as to the exact degree of likely success that stay petitioners must show, due principally to the fact that courts routinely use different formulations to describe this element of the stay test. What is clear, however, is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits….
>
> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a "reasonable probability" or "fair prospect," as *Hollingsworth,* 130 S.Ct. at 710, suggests; "a substantial case on the merits," in *Hilton*'s words, 481 U.S. at 778, 107 S.Ct. 2113; or, as articulated in *Abbassi,* 143 F.3d at 514, that "serious legal questions are raised." We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

*Leiva-Perez*, 640 F.3d at 967–68.

Rudy advances various legal theories as to why he is likely to obtain reversal of the Sale Order. These theories do not show that Rudy has a substantial case for relief. First, Rudy states that "the Court has no authority by way of the Sale Motion to adversely affect Rudy's homestead exemption which it has allowed." Motion at 9. Rudy's characterization of the effect of the Sale Order is not correct. As explained at length in the Sale Memorandum, the Trustee is selling only his right, title, and interest in the Property, and is not selling Rudy's possessory interest in the Property. *See generally* Sale Memorandum at 12–15. The only interest in the Property that Rudy holds is his possessory interest, and Rudy holds a homestead exemption only in that possessory interest. Therefore, it is not accurate for Rudy to assert that Sale Order adversely affects his homestead exemption.

Second, Rudy argues that by granting the Second Sale Motion, the Court invalidated Rudy's interest in the Property. Rudy maintains that this was procedural error, on the grounds that Bankruptcy Rule 7001(2) requires that an adversary proceeding be commenced to determine the validity, priority, or extent of an interest in property. Once again, the premise of Rudy's argument is incorrect. As explained above, the Sale Order has no effect upon Rudy's possessory interest in the Property.

B. Irreparable Harm

To obtain a stay pending appeal, Rudy must show that "irreparable harm is probable if the stay is not granted." *Leiva-Perez*, 640 F.3d at 968. Rudy's burden "with regard to irreparable harm is higher than it is on the likelihood of success prong"; Rudy must show "that an irreparable injury is the more probable or likely outcome." *Id.*

Rudy argues that his appeal will be rendered moot if a stay is not granted. According to Rudy:

> If the stay is not granted, the issues raised by Rudy on appeal will become moot if the real property encumbered by Rudy's homestead exemption is sold. This would forever deprive Rudy of an opportunity to appeal the issues addressed herein.

Motion at 7.

Once again, Rudy's characterization of the effect of the Sale Order is not correct. As explained above, the real property being sold is *not* encumbered by Rudy's homestead exemption, because the Trustee is selling only his right, title, and interest in the Property, and is not selling Rudy's possessory interest in the Property. *See generally* Sale Memorandum at 12–15. Consequently, there is no merit to Rudy's contention that he will suffer irreparable harm on mootness grounds.

Further, the premise of Rudy's argument—that mootness qualifies as irreparable harm—is not correct. *See, e.g., Ohanian v. Irwin (In re Irwin)*, 338 B.R. 839, 853 (E.D. Cal. 2006) ("It is well settled that an appeal being rendered moot does not itself constitute irreparable harm"); *In re Red Mountain Mach. Co.*, 451 B.R. 897, 908-09 (Bankr. D. Ariz. 2011) (internal citations omitted) ("[T]he law is clear in the Ninth Circuit that irreparable injury cannot be shown solely from the possibility that an appeal may be moot").

C. Injury to Other Interested Parties

Issuance of a stay would injure Equity Saver Instruction, Inc., the purchaser of the Property. A stay would also injure creditors of the bankruptcy estate, who would be required to wait even longer to receive a distribution upon their claims. This factor weighs against a stay.

D. Public Interest

"There is a great public interest in the efficient administration of the bankruptcy system." *Adelson v. Smith (In re Smith)*, 397 B.R. 134, 148 (Bankr. D. Nev. 2008). Litigation pertaining to the Trustee's ability to sell the Property has been proceeding for more than three years. Rudy's arguments with respect to the effect of his homestead exemption upon the Trustee's ability to sell the Property have been fully considered, by both this Court and the Ninth Circuit. The public interest weighs strongly against issuance of a stay.

## III. Conclusion

Based upon the foregoing, the Motion is DENIED. The Court will enter orders consistent with this Memorandum of Decision.

###

Date: February 15, 2018

Ernest M. Robles
United States Bankruptcy Judge